Sitara BIBI; Nazmeen N. Mohammed,
Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–72485.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed Feb. 27, 2008.

Juliette Topacio Sarmiento, Esq., Berkeley, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Liza S. Murcia, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK *, District Judge.

### MEMORANDUM **

Sitara Bibi, a citizen and native of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal and denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the parties are familiar with the factual and procedural history, we will not recount it here. We review the BIA's factual findings, including the determination that a petitioner has not established eligibility for asylum, for substantial evidence. *See Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000). We grant the petition for review and remand to the BIA for further proceedings.

■ Substantial evidence does not support the BIA's conclusion that Bibi did not suffer past persecution. In its analysis, the BIA failed to consider *Surita v. INS,* 95 F.3d 814 (9th Cir.1996), a case quite similar to the one at bar. Indeed, Bibi presented even more significant evidence of persecution than did the petitioner in *Surita.* Bibi's home was invaded, her husband assaulted, and her family was forcibly removed from their home and driven into the jungle. The police refused to investigate the crime. Bibi tried to regain possession of her home for three months, but her family was refused entrance. Bibi was also told that she would be killed if she attempted to reclaim her house or any of the stolen property. This incident was preceded by other assaults and an episode in which all the family's livestock was slaughtered. Under *Surita,* the evidence

Bibi presented compels the conclusion that Bibi suffered past persecution.

"A finding of past persecution triggers a regulatory presumption that the applicant has a well-founded fear of future persecution, which provisionally establishes the applicant's refugee status and eligibility for asylum." *Surita,* 95 F.3d at 821; *see also* 8 C.F.R. § 208.13(b)(1). To rebut this presumption, the government must show "by a preponderance of the evidence, that since the time the persecution occurred conditions in the applicant's country . . . have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if . . . [she] were to return." *Surita,* 95 F.3d at 821 (internal quotation marks omitted) (alteration in original); *see also* 8 C.F.R. § 208.13(b)(1)(i).

Here, Bibi has demonstrated that she was persecuted, so the presumption that she has a well-founded fear applies. Additionally, "[i]f an applicant's 'life or freedom was threatened in the proposed country'" of removal, a presumption that the applicant is entitled to withholding of removal is triggered. *Surita,* 95 F.3d at 821 (quoting 8 C.F.R. § 208.16). We therefore remand this case to the BIA to resolve whether the United States can produce sufficient evidence to rebut, by a preponderance of the evidence, these two regulatory presumptions. *See id.*

■ Finally, because Bibi presented no evidence that she was tortured in Fiji, *see* 8 C.F.R. § 1208.18(a) (defining "torture"), the BIA reasonably concluded that Bibi had not demonstrated she was "more likely than not" to be subjected to torture if returned to Fiji.

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW GRANT-ED; REMANDED.